STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOUIS RUBIN, PLAINTIFF IN ERROR.

Argued June 5, 1923—Decided November 7, 1923.

**Crimes—Advertisements, False and Deceptive Irrelevant Testimony—Weight of Evidence Supporting Judgment.**

In error.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff in error, *Harold Simandl.*

For the respondent in error, *John O. Bigelow,* prosecutor of the pleas, and *J. Victor D'Aloia,* assistant prosecutor of the pleas.

PER CURIAM.

The plaintiff in error was convicted by the court, sitting without a jury, of a misdemeanor, under the statute. *Pamph. L.* 1913, *p.* 649. That statute makes it a misdemeanor to insert in a newspaper a false advertisement which is untrue, deceptive or misleading regarding the selling of merchandise, &c.

The indictment charged the defendant with inserting an advertisement in the "Sunday Call," a Newark newspaper, on September 17th, 1922, stating that he was selling certain silks, &c., under the name of the Chain Silk Stores, at No. 10 Academy street, Newark, New Jersey. The fabric so advertised is known as "Marvella," at $3.95 per yard, manufactured solely by the Forstmann & Huffmann Company, of Passaic, New Jersey. The fabric so advertised was not in fact "Marvella." There are seven assignments of error and seven reasons for a reversal filed, which are argued under four heads in the brief of the plaintiff in error.

The first two relate to trial errors in admitting irrelevant testimony. There is no error here. These points call for no discussion. Refusal to direct a verdict in favor of the defendant was not error. We think—the evidence supports the judgment rendered by the court—it is not against the weight of the evidence. This renders it unnecessary to consider or decide, whether the statute (*Pamph. L.* 1921, *p.* 951) which gives the plaintiff in error a right to assign error, that the verdict was against the weight of the evidence is applicable to a case tried by the court without a jury.

The judgment of the Essex Quarter Sessions is affirmed.